FELICIA GALATI, ESQ.
Nevada Bar No. 007341
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:     702-383-0701
fgalati@ocgas.com
Attorneys for Defendants
COUNTY OF CLARK, CAROLE FALCONE
and PAULA HAMMACK

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN HOY as Special Administrator of the ESTATE OF A.D.J., a male minor (November 17, 2003 – April 25, 2017), and SUSAN HOY as Guardian Ad Litem of A.B.J., a female minor, (December 21, 2005), DIJONAY THOMAS, individually and as heir to A.D.J.,<br><br>                Plaintiffs,<br><br>v.<br><br>PAUL D. JONES, individually; CAROLE FALCONE, individually and in her official capacity; PAULA HAMMACK, individually and in her official capacity; COUNTY OF CLARK, a political subdivision of the State of Nevada; DOES I-X, individuals; and ROE CORPORATIONS I-X; DOE CLARK COUNTY DEPARTMENT OF FAMILY SERVICES EMPLOYEES XI-XXX; individually and in their official capacities; BOULDER II DE, LLC, a Delaware Limited Liability Company dba SIEGEL SUITES BOULDER 2; THE SIEGEL GROUP NEVADA, INC., A Domestic Corporation, dba THE SIEGEL GROUP; BOULDER II LV HOLDINGS, LLC, A Nevada Limited Liability Company; DOE EMPLOYEE SIEGEL SUITES I-X,<br><br>                Defendants. | CASE NO.  2:18-cv-01403-RFB-EJY<br><br><br><br><br><br><br><br><br><br><br>**DEFENDANTS' COUNTY OF CLARK, CAROLE FALCONE AND PAULA HAMMACK'S MOTION FOR ATTORNEYS' FEES** |

1

COME NOW Defendants COUNTY OF CLARK, CAROL FALCONE and PAULA HAMMACK ("Defendants"), by and through their attorneys of record, the law firm of Olson Cannon Gormley & Stoberski, and move this Honorable Court to award Defendants' attorneys' fees pursuant to 42 U.S.C. §1988 (b), Federal Rule of Civil Procedure 54, and Local Rule 54-14. This Motion is made and based upon the papers and pleadings on file herein, the points and authorities submitted in support hereof, the attached exhibits, and any oral argument which may be heard at the hearing set for this matter.

DATED this 19th day of June, 2020.

OLSON CANNON GORMLEY
& STOBERSKI

/s/ *Felicia Galati*
By_____
FELICIA GALATI, ESQ.
Nevada Bar No. 007341
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants
COUNTY OF CLARK, CAROLE
FALCONE and PAULA HAMMACK

## AFFIDAVIT OF FELICIA GALATI, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

FELICIA GALATI, ESQ., being first duly sworn, deposes and states:

1. Affiant is a shareholder of the law firm of Olson Cannon Gormley & Stoberski ("law firm") and is duly licensed to practice law before all the Courts in the State of Nevada.

2. Affiant is one of the attorneys assigned by the law firm to represent the interests of Defendants County of Clark, et al., in Hoy et al. v. County of Clark, Case No. 2:18-cv-01403-RFB-EJY.

3. Affiant makes this Affidavit in support of Defendants' Motion for Attorneys' Fees ("Motion") and based on her own personal knowledge and, if called upon, would testify competently to them

4. The relevant timeline of facts in support of the Motion are as follows.

5. On 2/5/19, Plaintiffs filed a First Amended Complaint ("FAC") (ECF No. 16) alleging various violations of 42 U.S.C. § 1983, negligence, wrongful death and negligent infliction of emotional distress claims against Defendants.

6. On 8/2/19, Defendants filed a Motion for Summary Judgment (ECF No. 41) on various grounds.

7. On 5/30/2020, this Court granted Defendants summary judgment on various grounds. (ECF No. 63).

8. The requested attorneys' fees and costs have been reviewed and are reasonable, economical and customarily charged by the law firm, and those rates charged are similar to rates charged by comparable law firms for similar legal services. The ability, training,

education, experience, professional standing and skill of each of the professionals involved in this action were demonstrated in the pleadings and other documents filed with this Court.

9. Attached to this Motion as **Exhibit A** is a true and accurate copy of the law firm's Time and Expense Details showing the attorneys' fees, redacted for attorney-client privilege.

10. Defendants are entitled to recover these amounts pursuant to Rule 54(d) and 42 U.S.C. §1988.

11. Affiant was first licensed to practice law in Ontario, Canada, in 1992 and was licensed to practice law in Nevada in 2000. She has been handling these types of cases since in or about 2007 (13 years) in various fashions and has developed special knowledge of the applicable policies, issues and law.

12. Attached to this Motion as **Exhibit B** is a true and accurate copy of Defendants' fifth supplemental disclosure in this case.

13. Attached to this Motion as **Exhibit C** is a true and accurate copy of Defendants' first supplemental disclosure in this case.

14. Attached to this Motion as **Exhibit D** is a true and accurate copy of Defendants' eighth supplemental disclosure, the last disclosure made in this case.

///

///

///

///

///

///

///

4

15. Affiant hereby attests that the foregoing information is true and accurate to the best of her knowledge as of the date of her signature hereon.

FURTHER AFFIANT SAITH NAUGHT.

DATED this ___19th___ day of June, 2020.

_____
FELICIA GALATI

SUBSCRIBED AND SWORN to before me this 19th day of June, 2020.

_____
NOTARY PUBLIC in and for said
COUNTY AND STATE



E. JANE HOLLINGSWORTH
Notary Public-State of Nevada
APPT. NO. 94-0792-1
My Appt. Expires February 28, 2021

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of Plaintiffs' allegations that various defendants failed to protect ADJ and ABJ from their father's criminal actions after they were no longer in protective custody and were released by the Family Court to their father. The FAC alleges five claims against Defendants – various 42 U.S.C. § 1983, negligence, wrongful death, and negligent infliction of emotional distress claims against Defendants.[1]

On 8/2/19, Defendants filed a Motion for Summary Judgment, including 8 exhibits, totaling 43 pages, on various grounds.[2] On 8/31/19, Plaintiffs filed a Response thereto, including four exhibits, totaling 76 pages.[3] On 9/20/19, Defendants filed a Reply thereto, including 2 exhibits, totaling 12 pages.[4]

On 5/30/2020, this Court granted Defendants summary judgment.[5] This Court found it is undisputed that: ADJ and ABJ were released to their father's care as a result of a court order on 6/9/16; the court order acknowledged Defendant Jones' previous conviction for child abuse, neglect, or endangerment, and the presumption that he could not care for ABJ and ADJ as a consequence of that conviction had been overcome in another case, leading to the conclusion that it had also been overcome with regard to ABJ and ADJ.; and their case was closed the same day.[6] This Court found the undisputed material facts necessarily lead to a finding that the County Defendants did not violate ABJ and ADJ's substantive due process rights and, therefore,

---

[1] See FAC, ECF No. 16, pp. 15-23.
[2] See ECF No. 41.
[3] See ECF Nos. 47.
[4] See ECF No. 49.
[5] See ECF No. 63.
[6] Id. at 21.

that summary judgment is warranted.[7] This Court further found ABJ and ADJ were not in the County Defendants' "custody" at the time they suffered harm and, therefore, the special-relationship exception does not apply.[8] This Court found Plaintiffs failed to satisfy the first prong of the state-created danger exception because they failed to show that the Co engaged in "affirmative conduct" that placed ABJ and ADJ in danger.[9] Finally, this Court found there is no genuine dispute of material fact that ABJ and ADJ's harm occurred while they were in the care of Defendant Jones, not while they were in the County Defendants' custody, such that Defendants had no "control" over them and, as a matter of law, they did not owe ABJ and ADJ a duty of care.[10] Accordingly, this Court also granted Defendants summary judgment on all claims.

Based on all of the above, Defendants prevailed in this action on the merits in their favor on all claims. Therefore, Defendant are entitled to costs and fees incurred in this action, including attorneys' fees.

## II. LEGAL STANDARD

Section 1988 provides that the court "may" award reasonable attorney's fees to the prevailing party in a § 1983 civil suit. Taylor v. Beckett, 2017 WL 3367091, at *1 (D. Nev. Aug. 4, 2017). A prevailing defendant may recover fees where "the plaintiff's claim was frivolous, unreasonable, or groundless if the plaintiff continued to litigate after it clearly became so." Id. citing CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1646 (2016) (quotation omitted). "A defendant need not show that every claim in a complaint is frivolous to qualify for fees." Id. citing Fox v. Vice, 563 U.S. 826, 835 (2011). However, the

---

[7] Id.
[8] Id. at 21-22.
[9] Id. at 22.
[10] Id. at 25.

7

defendant may receive "only the portion of his fees that he would not have paid but for the frivolous claim." Id. at 836.

The customary method of determining a reasonable fee is the lodestar method. Id. citing Tutor—Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1064 (9th Cir. 2006). The lodestar is calculated "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Id. The lodestar is a presumptively reasonable fee award. Id. Then the Court must assess whether it is necessary to adjust the lodestar figure upward or downward based on a variety of factors. Id. at 1065 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). The twelve factors bearing on the reasonableness of the fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Id. The Kerr factors are consistent with Local Rule 5414(b)(3) governing motions for attorney's fees.

### III. LEGAL ARGUMENT

**A.  DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES PURSUANT TO FRCP 54(D) AND 42 U.S.C. § 1988**

Defendants are entitled to reasonable attorneys' fees based on the fact that this Court entered summary judgment in their favor pursuant to 42 U.S.C. § 1988(b). 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United

8

States, a reasonable attorney's fee as part of the costs." The Court may only award reasonable attorney's fees to a prevailing defendant under 42 U.S.C. § 1988 where "the plaintiffs claim was frivolous, unreasonable, or groundless if the plaintiff continued to litigate after it clearly became so." Taylor, supra citing CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1646 (2016) (quotation omitted); Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173 (1980) ("frivolous, unreasonable or without foundation, even though not brought in subjective bad faith"). Examples of such claims at the trial level are those which are insufficient as a matter of law (Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998)), those invoking causes of action which do not provide liability against the defendants (Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir.1997)), those which seek money damages from defendants with immunity (Franceschi v. Schwartz, 57 F.3d 828, 832 (9th Cir.1995)), and those as to which there is "no evidence" supporting them (Evers v. County of Custer, 745 F.2d 1196, 1199 (9th Cir.1984)).

The purpose of providing remedies to an aggrieved party is to make the aggrieved party whole and return the aggrieved party to the position they would have been in had they not been wronged. Defendants cannot be made whole unless they are reimbursed for the attorneys' fees that they were forced to incur as a result of Plaintiffs' frivolous and baseless allegations. Therefore, Defendants respectfully request that this Honorable Court award Defendants their attorneys' fees in the amount of $83,403.00, which they have incurred to date, in enforcing their rights against Plaintiffs.[11]

---

[11] See Olson Cannon Gormley & Stoberski Time and Expense Details (Exhibit A).

9

Here, Plaintiffs' claims were unreasonable, frivolous, and completely without merit. Plaintiffs alleged a vast assortment of claims without adequate specifics and were on notice, at various times, they could not establish those claims based on the undisputed discovery done in the case. At the latest – on 4/15/19 – the date Defendants' issued their fifth supplemental disclosure – Plaintiffs knew all they needed to know about the Court's dismissal of the Petition, termination of the wardship/DFS custody of ADJ and ABJ, the children's release to their father with the disclosure of the Second Amended Petition against Defendant Jones, the 6/8/16 Court Minutes; and Order and Amended Order dismissing the Petition against Defendant Jones – all occurring long before ADJ and ABJ were injured.[12] As such, Plaintiffs were on notice that they could not establish their claims. Indeed, Plaintiffs knew long before even that date and at various times that their claims were unreasonable, frivolous, and completely without merit, i.e. on 12/5/18 – when Defendants issued their first supplemental disclosure including various UNITY Case Notes establishing the undisputed facts regarding the underlying case dismissal, termination of the wardship and release of the children to their father.[13] Defendants filed their Motion for Summary Judgment on 8/2/19 – 8 months after Plaintiffs had the UNITY Case Notes and 3.5 months after Plaintiffs had the related Petition, Order and Court Minutes. However, Plaintiff DIJONAY THOMAS was aware that ADJ and ABJ were with their father as of 6/8/16 because she left a message for Family Services Specialist Supervisor Laura Hammack stating

---

[12] See Defendants' fifth supplemental disclosure, p. 42 (Exhibit B); ECF No. 64, Exhibit D, Bates Nos. CC-MIN-005-06; and Exhibits F to H.
[13] See Defendants' first supplemental disclosure, p. 4 (Exhibit C); ECF No. 64, Exhibit C, Bates Nos. CC-UNI-308-10.

she was aware of that, etc.[14] Therefore, Plaintiffs were on notice of the relevant facts 23 months before the Complaint was filed on 5/14/18 and 37.5 months before Defendants filed the Motion on 8/2/19. Despite all the above, Plaintiffs continued to pursue their claims even after Defendants filed their Motion for Summary Judgement clearly spelling out why they could not establish their claims. As such, Plaintiffs pursued their unreasonable, frivolous, and completely without merit claims at their peril and Defendants are entitled to reasonable attorneys' fees because Plaintiffs were on notice that they could not establish their claims.

**B.   THE ATTORNEYS' FEES INCURRED BY DEFENDANTS WERE REASONABLE AND NECESSARY**

Defendants reasonably and necessarily incurred $83,403.00 in attorneys' fees from the start of the representation to this Court's entry of summary judgment, including the work related to the Motion for Summary Judgment papers.[15] The lodestar in this case is $83,403.00, calculated by multiplying the total number of hours (555.90) reasonably expended in this matter -362.70 hours by a reasonable hourly rate of $190.00 for attorneys and 193.20 hours by a reasonable hourly rate of $75 for paralegals.

Defendants' attorneys' hourly rate of $190 is more than reasonable based on this Court's prior findings that reasonable hourly rates in this community include hourly rates of $250 to $400. Geraldo v. Richland Holdings, Inc., 2018 WL 1567847, at *6 (D. Nev. Mar. 30, 2018); Marrocco v. Hill, 291 F.R.D. 586, 589 (D. Nev. 2013); Snow v. McDaniel, 2014 WL 590489, at 1 (D. Nev. Feb. 14, 2014); Gibbs v. Rivers Transp. Group,

---

[14] See ECF No. 64, Exhibit J, Bates Nos. CC-UNI-311.
[15] See Olson Cannon Gormley & Stoberski Time and Expense Details (Exhibit A).

11

Inc., 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014); Conboy v. Wynn Las Vegas, LLC, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012); Am. Gen. Life Ins. Co. v. Futrell, 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012). There is a "strong presumption" that the lodestar figure is a reasonable fee. Geraldo, supra citing Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987); Taylor, supra. Defendants' paralegal's hourly rate of $75 also is reasonable. See, e.g., Van Asdale v. Int'l Game, Tech., 2011 WL 2118637, at *4 (D. Nev.) (allowing $120/hour for paralegal work); LHF Prods., Inc. v. Kabala, 2019 WL 7403960, at *8 (D. Nev.) (indicating $75 to $125/hour for paralegal work is reasonable); Dietrich v. John Ascuaga's Nugget, 2007 WL 2264544, at *10 (D. Nev.) (finding $90 to $110 is a reasonable hourly rate for paralegal work).

Furthermore, applying the Kerr factors, this Court should award all of Defendants' attorneys' fees established as the lodestar. First, the result obtained was a total dismissal of all five claims on the merits. Second, the time and labor required in this case were reasonable and necessary. The Motion and Reply were considerably detailed in facts and law, and supported by substantial evidence, including 10 exhibits (both totaling 55 pages) and reviewing Plaintiffs 76-page Response (including 5 pages of purported undisputed facts, ½ page of purported disputed facts and four exhibits), which had to be addressed, legally and factually. The multi-faceted claims, Defendants voluminous documents (96 exhibits) that had to be reviewed in support of the Motion required Defendants' attorney to conduct significant and substantial research and prepare argument to support the Motion.[16] Indeed, this Court's 26-page Order, partly relating to other Defendants, supports the fact that the Motion, varied facts, issues and defenses were complicated, multi-layered and

---

[16] See Defendants' 8th supplemental disclosure (Exhibit D).

wide-reaching, not to mention the fact that three individually named County Defendants were being defended with different facts, nuances, and documents relating to each. Also, the number of problems Plaintiffs had in establishing their claims and bases for summary judgment in Defendants' favor also demonstrate the frivolous nature of their claims. See, e.g. Geraldo, 2018 WL 1567847, at *5. Third, Defendants' attorney is a shareholder at Olson Cannon Gormley & Stoberski, and a member of the Clark County and American Bar Associations and the State Bar of Nevada. She was first licensed to practice law in Ontario, Canada, in 1992 and was licensed in Nevada in 2000.[17] She has been handling these types of cases since in or about 2007 (13 years) in various fashions and has developed special knowledge of the applicable policies, issues and law.[18] Fourth, the hourly fee charged by Defendants' attorneys was fixed and reasonable, including because it was well below the community rate by $60 to $210. Fifth, due to the wide variety of claims brought against Defendants, their attorney needed significant skill to properly defend against the allegations. The attorneys needed familiarity with multiple areas of Nevada State and Federal law and statutes, along with the complex nature of civil rights actions in the area of child welfare. Further, the attorneys needed to analyze other administrative codes, rules, procedures, documents and determinations to appropriately determine a litigation strategy. When weighing the forgoing factors together, Defendants incurred reasonable attorneys' fees given the complexity of the case and skill required to defend a complex action against the frivolous, unreasonable, or groundless claims Plaintiffs continued to pursue after it clearly became evident there was no basis to do so. Defendants have shown that over a 22-month period, they

---

[17] See Affidavit, supra.
[18] Id.

13

spent 569.90 hours (376.70 attorney hours and 193.20 paralegal hours) in defending three Defendants in this case amounting to $83,403.00, which was reasonable. See, e.g., Geraldo, 2018 WL 1567847, at *6 (awarding $48,592.50 for a total of 144.20 hours on a motion to dismiss); Mittal v Clark County, Case No. 2:15-cv-01037-JCM-VCF, ECF No. 145, June 6, 2017 (awarding $20,537 for 110.90 hours on a motion to dismiss ECF No. 137). The hours were spent in discovery, preparing the Motion, research, gathering the evidentiary support for the Motion, reviewing Plaintiffs' Response and preparing the Reply thereto. Thus, the hours spent for these Defendants are reasonable. In fact, the fees would likely have been substantially lower had Plaintiffs not unnecessarily named three Defendants. However, despite the voluminous documents and numerous Defendants, Defendants kept the fees low. Based on all of the above, this Court should not decrease the lodestar amount and award Defendants attorneys' fees in the reasonable amount of $83,403.00.

DATED this 19th day of June, 2020.

OLSON CANNON GORMLEY
& STOBERSKI

/s/ Felicia Galati
By_____
FELICIA GALATI, ESQ.
Nevada Bar No. 007341
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants
COUNTY OF CLARK, CAROLE
FALCONE and PAULA HAMMACK

# CERTIFICATE OF SERVICE

On the 19th day of June, 2020, the undersigned, an employee of Olson Cannon Gormley & Stoberski, hereby served a true copy of **DEFENDANTS' COUNTY OF CLARK, CAROLE FALCONE AND PAULA HAMMACK'S MOTION FOR ATTORNEYS' FEES** to the parties listed below via the EFP Program, pursuant to the Court's Electronic Filing Service Order (Administrative Order 14-2) effective June 1, 2014, and or mailed:

Marjorie L. Hauf, Esq.
Ganz & Hauf
8950 West Tropicana Avenue, Suite 1Suite 1
Las Vegas, Nevada 89147
Attorney for Plaintiffs

Martin I. Melendrez, Esq.
Justin R. Turus, Esq.
Britannica D. Collins, Esq.
HAWKINS MELENDREZ, P.C.
9555 Hillwood Drive, Suite 150
Las Vegas, Nevada 89134
Attorneys for Defendants, The Siegel Group of Nevada, Inc., Boulder II De, LLC, and Boulder II LV Holdings, LLC

/s/ Erika Parker
_____
An Employee of Olson Cannon Gormley & Stoberksi