FELICIA GALATI, ESQ.
Nevada Bar No. 007341
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:    702-383-0701
fgalati@ocgas.com
Attorneys for Defendants
COUNTY OF CLARK, CAROLE FALCONE
and PAULA HAMMACK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN HOY as Special Administrator of the ESTATE OF A.D.J., a male minor (November 17, 2003 – April 25, 2017), and SUSAN HOY as Guardian Ad Litem of A.B.J., a female minor, (December 21, 2005), DIJONAY THOMAS, individually and as heir to A.D.J., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL D. JONES, individually; CAROLE FALCONE, individually and in her official capacity; PAULA HAMMACK, individually and in her official capacity; COUNTY OF CLARK, a political subdivision of the State of Nevada; DOES I-X, individuals; and ROE CORPORATIONS I-X; DOE CLARK COUNTY DEPARTMENT OF FAMILY SERVICES EMPLOYEES XI-XXX; individually and in their official capacities; BOULDER II DE, LLC, a Delaware Limited Liability Company dba SIEGEL SUITES BOULDER 2; THE SIEGEL GROUP NEVADA, INC., A Domestic Corporation, dba THE SIEGEL GROUP; BOULDER II LV HOLDINGS, LLC, A Nevada Limited Liability Company; DOE EMPLOYEE SIEGEL SUITES I-X, <br><br> Defendants. | CASE NO.  2:18-cv-01403-RFB-EJY <br><br><br><br><br><br><br><br><br><br><br> **COUNTY OF CLARK, CAROLE FALCONE AND PAULA HAMMACK'S: (1) OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AFTER MOTION FOR RECONSIDERATION DECISION; AND (2) COUNTER-MOTION TO STRIKE PLAINTIFFS' MOTION TO AMEND (ECF NO. 85) AND FOR SANCTIONS** |

1

COME NOW Defendants COUNTY OF CLARK, CAROL FALCONE and PAULA HAMMACK ("Defendants"), by and through their attorneys of record, the law firm of Olson Cannon Gormley & Stoberski, and hereby submit their Opposition to Plaintiffs' Motion to Amend Complaint after Motion for Reconsideration Decision (Motion); and (2) Counter-Motion to Strike Plaintiffs' Motion to Amend (ECF No. 85) and for Sanctions.  The Opposition and Counter-Motion are made and based upon all papers, pleadings and records on file herein, the attached Memorandum of Points and Authorities, and such oral argument, testimony and evidence as the Court may entertain.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   INTRODUCTION**

Plaintiffs improperly move to amend the complaint after this Court granted Defendants summary judgment.  There is no Rule or case law allowing that.  Therefore, this Court should deny Plaintiffs' Motion to Amend and/or strike it, and Defendants should be awarded fees and costs for having to respond thereto.

### **II.   PROCEDURAL AND FACTUAL BACKGROUND**

On 8/2/19, Defendants filed their Motion for Summary Judgment.  (ECF No. 41). On 8/31/19, Plaintiffs filed their Opposition thereto and did not seek leave to amend the complaint. (ECF No. 47). On 9/20/19, Defendants filed their Reply thereto. (ECF No. 49). On 11/8/19, this Court granted Defendants summary judgment on all Plaintiffs' claims. (ECF No. 53). On 2/6/2020, at the parties' request, this Court entered an order staying some discovery. (ECF No. 59). On 6/30/2020, Plaintiffs filed their Motion for Reconsideration of the Order granting Defendants summary judgment. (ECF No. 69) On 7/14/2020, Defendants filed their Opposition thereto. (ECF No. 74) On 7/21/20220, Plaintiffs filed their Reply thereto. (ECF No. 76). On

10/7/2020, Plaintiffs filed their Motion to Amend without citation to any Rule or case allowing them to amend the complaint after an order granting summary judgment is entered as this Court did in this case. (ECF No. 85).

On 8/10/2020, Plaintiffs' attorney Elizabeth Do, Esq., contacted Defendants' attorney seeking a stipulation to allow Plaintiffs to amend the complaint as to the County Defendants.[1] Defendants properly refused to stipulate to that since the Court granted them summary judgment.[2] On 8/25/2025, Plaintiffs' attorney Marjorie Hauf, Esq., contacted Defendants' attorney clarifying they were seeking a stipulation to amend the complaint as to the Siegel Defendants.[3] Defendants advised Ms. Hauf that Ms. Doe previously requested a stipulation to amend the complaint as to the County Defendants, and Plaintiffs' attorney conceded there was no authority to amend the complaint against County Defendants.[4] Defendants indicated Plaintiffs did not need a stipulation from County Defendants to amend the complaint as to the Siegel Defendants because it pertained to the co-defendants alone with which Plaintiffs attorney agreed.[5] Thereafter, without any further notice to County Defendants, Plaintiffs filed their Motion to Amend knowing full well they had no authority whatsoever to amend as to County Defendants, let alone based on "efficiency," and ignoring their violation of this Court's Rules and the related burden on County Defendants including as to attorneys' fees and costs.[6]

///

///

---

[1] See Affidavit (Exhibit A).
[2] Id.
[3] Id.
[4] Id.
[5] Id.
[6] Id.

3

### III. OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

Rule 15(a) applies to amendments before trial and Rule 15(b) applies to amendments during and after trial. Under Local Rule 15-1(a), "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Plaintiffs' Motion should be denied because there is no Rule or case law allowing for an amendment to a pleading after an order granting summary judgment is entered and Plaintiffs have not cited any; and because of Plaintiffs' failure to comply with the Local Rule, which precludes this Court from considering the relevant factors[7], including whether the new claims might be futile. This Court has denied motions to amend that fail to comply with the Local Rule. See, e.g., Johnson v. Holms, 2020 WL 4004208, at *1 (D. Nev.) (denying *pro se* plaintiff's motion to amend for his failure to comply with Local Rule 15-1(a)) citing U.S. v 3 Parcels in La Plata County, 919 F.Supp 1449 (D. Nev. 1995) ("This failure alone [(to submit the proposed amended pleading)] requires the court to deny Lawrence's motion to amend his claim and answer…It is therefore unnecessary…to address the merits of the proposed amended claim and counterclaim.) U.S. v. 3 Parcels in La Plata Cty., Colo., 919 F. Supp. 1449, 1457 (D. Nev. 1995); Padilla v. Nevada, 2012 WL 3025135, at *2 (D. Nev.)  This Court should do the same here. Plaintiffs simply cannot seek an order from this Court based on some unknown future event and unknown proposed pleading.  Also, Plaintiffs know they have no legal basis to amend the complaint against County Defendants and, therefore, their motion, under the guise of "efficiency" is unfounded, improper, harassing and burdensome. Plaintiffs improperly are attempting to get an order from this Court as to the County Defendants that they have no basis

---

[7] The relevant factors are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility in the amendment; and (5) if plaintiff has previously amended the complaint. Johnson v. Holms, 2020 WL 4004208, at *1 (D. Nev.)

4

to obtain to keep the County Defendants in this case, and circumvent this Court's Order granting them summary judgment. Therefore, Plaintiffs' Motion should be denied.

## IV.   COUNTER-MOTION TO STRIKE PLAINTIFFS' MOTION TO AMEND AND FOR SANCTIONS

This Court has inherent authority to control its own docket, cases, and the conduct of those before it, including litigants and attorneys with economy of time and effort for itself, for counsel, and for litigants. Garcia v. Serv. Employees Int'l Union, 2019 WL 3802675, at *2 (D. Nev.) citing Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010); Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). This Court's inherent power includes "jurisdiction to grant the motion to strike…" Ready Transp., Inc., supra citing Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 586–87, 588 (9th Cir.2008); Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1224–26 (9th Cir.2005). "The inherent powers are mechanisms for 'control necessarily vested in courts to manage their own affairs…to achieve the orderly and expeditious disposition of cases.'" Ready Transp., Inc., supra citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132. (1991). This Court has enough to do without having its limited time and resources wasted and/or burdened by premature and unfounded motions based on some future, undetermined event. Plaintiffs' Motion was brought without any authority therefor and, as such, this Court should strike it.

Furthermore, under Rule 11, a pleading or paper signed by an attorney "certifies that the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…(2) the claims, defenses, and other legal contentions are warranted by existing law…; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the

5

evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Plaintiffs Motion violates Rule 11 because Plaintiffs have no factual or legal basis to file another amended pleading against County Defendants, which they conceded[8], or to do that in anticipation of some unknown future event, i.e. this Court's decision on the pending Motion for Reconsideration. Also, Plaintiffs have acted in bad faith because Plaintiffs represented to Defendants they wanted to amend the complaint as to the Siegel Defendants, which this Court allowed (ECF No. 63, p. 26) and, thereafter, did otherwise and moved to amend as to the County Defendants, too.[9] As such, sanctions are warranted because Plaintiffs have filed an improper motion in bad faith, and harassed and burdened the County Defendants, including by causing them to incur unnecessary fees and costs in responding to Plaintiffs' Motion. Chambers, 501 U.S. 32, 41, 111 S. Ct. 2123, 2131 (1991). This Court can also sanction Plaintiffs on its inherent power in imposing sanctions, including as to bad faith conduct when the party's conduct is not within the reach of a rule or statute. NASCO, Inc. v. Calcasieu Television & Radio, Inc., 894 F.2d 696, 702-03 (5th Cir. 1990), aff'd sub nom. Chambers, supra. This inherent implied power derives from the need to make the court function and permits a court to award fees and litigation costs. Therefore, this Court should strike Plaintiffs' Motion and award County Defendants attorneys' fees and costs for having to respond thereto. The egregiousness of Plaintiffs' Motion as to the County Defendants is highlighted by the undisputed fact that this Court granted them summary judgment on all

---

[8] See Affidavit (Exhibit A).
[9] Id.

claims, whereas this Court granted Plaintiffs leave to amend as to the Siegel Defendants; and on Plaintiffs' attempt to circumvent this Court's clear ruling as to summary judgment.

DATED this 21st day of October, 2020.

                OLSON CANNON GORMLEY
                & STOBERSKI

                    */s/ Felicia Galati*
By_____
   FELICIA GALATI, ESQ.
   Nevada Bar No. 007341
   9950 West Cheyenne Avenue
   Las Vegas, Nevada 89129
   Attorneys for Defendants
   COUNTY OF CLARK, CAROLE
   FALCONE and PAULA HAMMACK

# CERTIFICATE OF SERVICE

On the 21st day of October, 2020, the undersigned, an employee of Olson Cannon Gormley & Stoberski, hereby served a true copy of **COUNTY OF CLARK, CAROLE FALCONE AND PAULA HAMMACK'S: (1) OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AFTER MOTION FOR RECONSIDERATION DECISION; AND (2) COUNTER-MOTION TO STRIKE PLAINTIFFS' MOTION TO AMEND (ECF NO. 85) AND FOR SANCTIONS** to the parties listed below via the EFP Program, pursuant to the Court's Electronic Filing Service Order (Administrative Order 14-2) effective June 1, 2014, and or mailed:

Marjorie L. Hauf, Esq.
Matthew G. Pfau, Esq.
H&P Law
8950 West Tropicana Avenue, Suite 1
Las Vegas, Nevada  89147
Attorney for Plaintiffs

Martin I. Melendrez, Esq.
Justin R. Turus, Esq.
Britannica D. Collins, Esq.
HAWKINS MELENDREZ, P.C.
9555 Hillwood Drive, Suite 150
Las Vegas, Nevada 89134
Attorneys for Defendants, The Siegel Group of Nevada, Inc.,
Boulder II De, LLC, and Boulder II LV Holdings, LLC

*/s/ Erika Parker*
_____
An Employee of Olson Cannon Gormley
& Stoberksi